Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Mississippi
### Southern Division

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 27 2025
ARTHUR JOHNSTON
BY_____ DEPUTY

Jeannine Michelle Edwards
Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Gulfport School District
Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 1:25cv320 HSO-BWR
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☐ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Mrs. Jeannine Michelle Edwards
Street Address: 12476 Harmony Circle
City and County: Gulfport, Harrison County
State and Zip Code: Mississippi 39503
Telephone Number: (228) 669-7460
E-mail Address: EdwardsJeannine0@outlook.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No.
  Name  Gulfport School District
  Job or Title *(if known)*
  Street Address
  City and County
  State and Zip Code
  Telephone Number
  E-mail Address *(if known)*

Defendant No.
  Name
  Job or Title *(if known)*
  Street Address
  City and County
  State and Zip Code
  Telephone Number
  E-mail Address *(if known)*

Defendant No.
  Name
  Job or Title *(if known)*
  Street Address
  City and County
  State and Zip Code
  Telephone Number
  E-mail Address *(if known)*

Defendant No.
  Name
  Job or Title *(if known)*
  Street Address
  City and County
  State and Zip Code
  Telephone Number
  E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Family and Medical Leave Act 29 U.S.C. 2601 et. seq (FMLA)
FMLA 29 U.S.C. 2612   29 C.F.R. 825.114   FMLA 29 U.S.C. 2615
Americans With Disability Act (ADA) 42 U.S.C. 12101 et seq
ADA Act 42 U.S.C 12112
ADA Act 42 U.S.C 12203

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

refer to attached documents

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. refer to attached documents

## III. Statement of Claim

1. Plaintiff, Jeannine Michelle Edwards, was employed by the Gulfport School District as a middle school science teacher during the 2022-2023 and 2023-2024 school years. Plaintiff met all eligibility requirements for leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., including more than 12 months of service at a qualifying institution.

2. On or about February 28, 2024, Plaintiff was diagnosed with bronchitis, which was later determined to be pneumonia—a serious health condition requiring medical treatment and time off from work. Plaintiff promptly notified her employer of this diagnosis and requested that her existing FMLA documentation be amended to reflect pneumonia as the qualifying condition.

3. Despite Plaintiff's eligibility and timely notification, Gulfport School District Human Resources informed Plaintiff that her FMLA coverage only extended to Shingles and refused to acknowledge pneumonia as a valid basis for amending her FMLA leave. Plaintiff was provided new FMLA forms dated March 8, 2024, which were completed by her rheumatologist, Dr. Matthew Carroll, and returned before March 23, 2024, along with a supporting letter explaining the medical necessity for leave due to pneumonia.

4. Plaintiff was notified in March 2024 that her request to amend her FMLA documentation to include pneumonia was denied. This refusal constituted a denial of Plaintiff's federally protected rights under the FMLA, specifically 29 U.S.C. § 2612 (entitlement to leave for a serious health condition) and 29 C.F.R. § 825.114 (definition of serious health condition).

5. As a direct result of Defendant's denial, Plaintiff suffered professional and personal harm, including loss of income, emotional distress, and nonrenewal of her teaching contract for the 2024-2025 school year. Plaintiff was also denied a positive reference, impacting her ability to secure future employment as an educator. Defendant's actions constitute interference with Plaintiff's rights under the FMLA and retaliation in violation of 29 U.S.C. § 2615(a)(1) and (a)(2), which prohibit employers from interfering with, restraining, or denying the exercise of FMLA rights, and from discharging or discriminating against an employee for exercising those rights.

6. Plaintiff believes Defendant's actions may also constitute a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., if her illness is perceived as a disability. Defendant failed to provide reasonable accommodation and may have discriminated and retaliated against Plaintiff on the basis of her medical condition, in violation of 42 U.S.C. § 12112(a) (prohibiting discrimination on the basis of disability) and 42 U.S.C. § 12203(a) (prohibiting retaliation against individuals who assert their rights under the ADA).

7. While Plaintiff was still under her doctor's care, she was contacted by the Assistant Superintendent, Dr. Michael Tatum, regarding paperwork to be signed. On or about April 10,

2024, Plaintiff received a letter from the Superintendent, Glen East, and Dr. Tatum, informing her that her contract would not be renewed for the following school year. The timing and circumstances of this nonrenewal constitute further evidence of retaliation for Plaintiff's protected activities under the FMLA and ADA.

## IV. Claims for Relief

### Count I: Violation of the Family and Medical Leave Act (FMLA) – Interference and Retaliation

1. Plaintiff incorporates by reference all preceding paragraphs.

2. Defendant is an employer subject to the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

3. Plaintiff was eligible for FMLA leave and requested leave for a serious health condition, as defined by 29 U.S.C. § 2612 and 29 C.F.R. § 825.114.

4. Defendant interfered with, restrained, and denied Plaintiff's exercise of her rights under the FMLA by refusing to recognize pneumonia as a qualifying serious health condition and denying her request for protected leave.

5. Defendant retaliated against Plaintiff for exercising her FMLA rights by failing to renew her contract and taking other adverse employment actions, in violation of 29 U.S.C. § 2615(a)(1) and (a)(2).

6. As a result of Defendant's actions, Plaintiff suffered loss of income, benefits, emotional distress, and other damages.

7. Plaintiff seeks all remedies available under 29 U.S.C. § 2617, including back pay, front pay, lost benefits, liquidated damages, reinstatement, and attorneys' fees and costs.

### Count II: Violation of the Americans with Disabilities Act (ADA) – Discrimination and Retaliation

1. Plaintiff incorporates by reference all preceding paragraphs.

2. Defendant is an employer subject to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

3. Plaintiff's pneumonia constitutes a disability as defined by 42 U.S.C. § 12102, or Defendant regarded Plaintiff as disabled.

4. Defendant failed to provide reasonable accommodation and may have discriminated against Plaintiff on the basis of her medical condition, in violation of 42 U.S.C. § 12112(a).

5. Defendant retaliated against Plaintiff for requesting accommodation and/or opposing discriminatory practices, in violation of 42 U.S.C. § 12203(a).

6. As a result of Defendant's actions, Plaintiff suffered loss of income, benefits, emotional distress, and other damages.

7. Plaintiff seeks all remedies available under the ADA, including compensatory damages, reinstatement, and attorneys' fees and costs.

### Count III: Retaliation (FMLA and ADA)

1. Plaintiff incorporates by reference all preceding paragraphs.

2. Defendant took adverse employment actions against Plaintiff, including nonrenewal of contract and denial of positive references, because Plaintiff exercised her rights under the FMLA and ADA.

3. Such actions constitute unlawful retaliation under 29 U.S.C. § 2615 (FMLA) and 42 U.S.C. § 12203(a) (ADA).

4. Plaintiff seeks all remedies available under federal law, including damages, reinstatement, and attorneys' fees and costs.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/27/2025

Signature of Plaintiff: *Jeannine Michelle Edwards*
Printed Name of Plaintiff: Jeannine Michelle Edwards

#### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____